UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DION CUNNINGHAM,

            Plaintiff,                         Case No. 2:19-cv-191

v.                                                    Honorable Paul L. Maloney

UNKNOWN HOLLEY et al.,

            Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Hamel, Perttu, and Wilson. The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendants: Plaintiff's retaliation claims against Defendants Holley and Peterson, and his due process claim against Defendant Peterson.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains, however, occurred at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Plaintiff sues Corrections Officers Unknown Holley, Unknown Frantti, Unknown Meloszyk, and D. Loop, Grievance Coordinator T. Hamel, Assistant Deputy Warden Dennis Peterson, Segregation Resident Unit Manager T. Perttu, and Segregation Acting Prison Counselor T. Wilson.

Plaintiff alleges that on March 23, 2019, Defendant Holley refused to give Plaintiff his lunch tray, stating that Plaintiff had "assaulted another officer the other day so [Plaintiff was] not eating lunch." (ECF No. 10, PageID.288.) Plaintiff filed a grievance on Defendant Holley on March 27, 2019. (ECF No. 10, PageID.281; ECF No. 1-2, PageID.90.)

On April 1, 2019, Defendant Frantti refused to give Plaintiff his breakfast tray. On April 2, 2019, Defendant Frantti denied Plaintiff's breakfast and lunch trays, calling Plaintiff a snitch. On the same day, Defendant Meloszyk denied Plaintiff's dinner tray and stated that Defendant Frantti had told him that Plaintiff was a problem. Defendant Frantti also denied Plaintiff his breakfast on April 3, 2019. At that point Plaintiff was suffering from a headache, stomach cramps, and weight loss. Plaintiff apparently received his lunch and dinner trays on April 3, 2019. Plaintiff filed a grievance on Defendant Frantti on April 3, 2019. (ECF No. 10, PageID.281; ECF No. 1-2, PageID.94.) Plaintiff also filed grievances on Defendants Frantti, Meloszyk, and Loop on April 5, 2019. (ECF No. 10, PageID.281-283; ECF No. 1-2, PageID.98-106.)

On April 6, 2019, Defendant Frantti denied Plaintiff his breakfast and lunch trays and Defendant Loop denied Plaintiff his dinner tray. Defendant Loop told Plaintiff that "Sullivan

2

said that you wrote a grievance on him so you are not eating today." (ECF No. 10, PageID.302.) Plaintiff claims that Sullivan, who is not a party to this action, previously promised Plaintiff that he was going to have Defendant Loop take his tray. On both April 7 and 8, 2019, Defendant Frantti denied Plaintiff breakfast and lunch, and Defendant Loop denied him dinner. On April 8, 2019, Plaintiff filed a grievance on Defendants Frantti and Loop. (ECF No. 10, PageID.283; ECF No. 1-2, PageID.110.) On April 10, 2019, Plaintiff filed numerous grievances regarding the denial of his meal trays on April 6, 7, and 8, 2019. (ECF No. 10, PageID.284-286; ECF Nos. 1-2 and 1-3, PageID.114, 119, 132, 137, 143, 147, 151, 157.)

On April 11, 2019, Plaintiff states that he filed two grievances regarding the denial of his trays on April 8, 2019. (ECF No. 10, PageID.286; ECF No. 1-2, PageID.128.) On April 10, 2019, Defendant Hamel sent Plaintiff five step I grievance receipts. On April 12, 2019, Defendant Hamel sent Plaintiff five rejected step I grievances. Later that day, Defendant Peterson had Plaintiff placed on modified access to the grievance procedure. On April 16, 2019, Plaintiff filed a grievance on Defendant Hamel. (ECF No. 10, PageID.287; ECF No. 1-3, PageID.161.)

On May 21, 2019, Plaintiff told Defendant Perttu that Defendant Frantti was threatening to continue retaliating against him. Defendant Perttu replied that there was nothing he could do about Defendant Frantti. On May 22, 2019, Plaintiff attempted to tell Defendant Wilson about the threats by Defendant Frantti. However, Defendant Wilson failed to help Plaintiff. On May 29, 2019, Plaintiff filed a grievance, but does not attach it to his original or amended complaint. (ECF No. 10, PageID.287.)

Plaintiff claims that Defendants' conduct violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Respondeat superior

Plaintiff alleges that Defendants Perttu and Wilson failed to intervene on his behalf when he complained about Defendant Frantti's retaliatory conduct. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Perttu and Wilson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### IV. First Amendment

Plaintiff claims that Defendants Holley, Frantti, Meloszyk, Loop, Hamel, and Peterson violated his First Amendment right to be free from retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment

retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Similarly, the filing of a civil rights action is also protected conduct. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002).

Initially, the Court notes that Plaintiff's retaliation claim against Defendant Holley fails to state a claim because Defendant Holley's conduct was allegedly motivated by Plaintiff's assault of another prison employee. Therefore, Plaintiff fails to allege that he was engaged in protected conduct for purposes of a retaliation claim. Plaintiff's act of assaulting a prison employee violated MDOC Policy Directive 03.03.105A, which defines prisoner major misconduct. *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008). *See also Caffey v. Maue*, 679 F. App'x 487 (7th Cir. Feb. 15, 2017) (holding that an inmate's name-calling of guards (calling them unprofessional) was a challenge to the guards' authority that was not protected by the First Amendment); *Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013) (holding that the use of disrespectful language was not protected conduct) (citing cases); *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 858, 864 (5th Cir. 2004) (concluding that an inmate who accused a chaplain of theological errors during a religious service had engaged in an unprotected challenge to

6

institutional authority). Therefore, Plaintiff's retaliation claim against Defendant Holley is properly dismissed.

Plaintiff alleges that Defendant Frantti denied him breakfast and lunch on April 2, 2019, because Plaintiff was a "snitch." Later that day, Defendant Meloszyk denied him dinner because Defendant Frantti told him that Plaintiff was a problem. Defendant Frantti also denied Plaintiff meals on April 3, 6, 7, and 8 of 2019. In addition, Plaintiff alleges that Defendant Loop refused to give him his dinner tray on April 6, 2019, stating it was because he had written a grievance on Sullivan. Defendant Loop also denied Plaintiff his dinner trays on April 7 and 8, 2019. The Court concludes that Plaintiff has alleged sufficient facts to state retaliation claims against Defendants Frantti, Meloszyk, and Loop.

Plaintiff claims that Defendant Peterson retaliated against him by placing him on modified access to the grievance procedure. The Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim. *See, e.g., Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *5 (6th Cir. Nov. 9, 2017); *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005) (per curiam); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. Sept. 26, 2001). As these courts have recognized, placement on modified access to the grievance procedure would not deter a person of ordinary firmness from exercising his First Amendment rights because placement on modified access would not deprive a prisoner of the ability to file civil rights actions in federal court. Instead, placement on modified access to the grievance procedure merely enables prison officials to screen prisoners' grievances prior to filing to determine whether they were grievable, non-frivolous, and non-duplicative. *See also Kennedy*, 20 F. App'x at 471 (citing Mich.

7

Dep't of Corr. Policy Directive 03.02.130(II)(PP)). Therefore, Plaintiff's retaliation claim against Defendant Peterson is properly dismissed.

Finally, the Court notes that Plaintiff's only allegations against Defendant Hamel are that he sent Plaintiff five step I grievance receipts and five rejected step I grievances. Nothing in Plaintiff's complaint shows that Defendant Hamel took an adverse action that would deter a person of ordinary firmness from engaging in protected conduct. For the same reasons that placement on modified grievance access does not amount to adverse action, an official's rejection of a grievance is not sufficiently adverse to state a retaliation claim. *See, e.g.*, *Branch v. Houtz*, No. 1:16-cv-77, 2016 WL 737779, at *6 (W.D. Mich. Feb. 26, 2016). Plaintiff also fails to allege facts suggesting that Defendant Hamel was motivated by a desire to retaliate against Plaintiff for engaging in that conduct. For both reasons, Plaintiff's retaliation claim against Defendant Hamel is properly dismissed.

## V.     Eighth Amendment

Plaintiff claims that Defendants Holley, Frantti, Meloszyk, Loop, Hamel, and Peterson violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at

348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

As noted above, Plaintiff's only allegations against Defendant Hamel are that he sent Plaintiff five step I grievance receipts and five rejected step I grievances. Plaintiff fails to allege facts showing that Defendant Hamel engaged in conduct which constituted a sufficient risk to his health or safety to support an Eighth Amendment claim. Indeed, as previously discussed, a defendant may not be held liable under § 1983 based on his handling of an administrative grievance. *See Shehee*, 199 F.3d at 300.

Plaintiff's alleges that Defendants Holley, Frantti, Meloszyk, and Loop were all involved in the repeated denial of food trays during the pertinent time period. The Court concludes that Plaintiff's Eighth Amendment claims against them are not clearly frivolous and may not be dismissed on initial review.

## VI. Fourteenth Amendment

Plaintiff claims that Defendants Hamel and Peterson violated his Fourteenth Amendment due process rights when Defendant Hamel rejected his grievances and Defendant Peterson placed him on modified access to the grievance procedure. Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally

protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker,* 128 F. App'x at 445; *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Hamel, Perttu, and Wilson will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendants: Plaintiff's retaliation claims against Defendants Holley and Peterson, and his due process claim against Defendant Peterson. Plaintiff's retaliation claims against Defendants Frantti, Meloszyk, and Loop, and his Eighth Amendment claims against Defendants Holley, Frantti, Meloszyk, and Loop remain in the case.

An order consistent with this opinion will be entered.

Dated:  January 7, 2020                         /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge